## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**KELWYN WHITE,**

    **Plaintiff,**

**v.**

**LOUIS DEJOY, POSTMASTER
GENERAL OF UNITED STATES
POSTAL SERVICE,**

    **Defendant.**

**Civil Case Number:
5:23-cv-00257-AW/MJF**

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
## SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Louis DeJoy in his Official Capacity as Postmaster General of the United States, moves to dismiss Plaintiff's disparate treatment claims in his Second Amended Complaint ("SAC") employment discrimination case, most of which are barred for failure to exhaust. Specifically, Plaintiff failed to exhaust his disparate treatment claims: (i) in SAC paragraphs 15, 16-20 21-24, 28, 32-37 by not contacting an EEO counselor within 45 days of the occurrence of the incident that he believed to have been discriminatory, and (ii) in SAC paragraphs 15 and 16-20 because he raises them for the first time in his SAC. Accordingly, the Court should dismiss the claims identified in these paragraphs of the SAC for lack of subject matter jurisdiction.

1

## I.    BACKGROUND

Plaintiff filed his formal complaint in EEO Case No. 4G-320-0040-23 on January 5, 2023.  *Exhibit A – EEO Complaint of Discrimination in the Postal Service*.  Plaintiff initiated the EEO process when he contacted an EEO counselor on November 27, 2022.  *Exhibit B – EEO Dispute Resolution Specialist's (DRS) Inquiry Report*.  After Plaintiff filed his formal EEO complaint on January 5, 2023, he amended his EEO complaint on February 13, 2023, and again on March 2, 2023.  *Exhibit C – Acknowledgement of 2nd Amendment to Complaint and Exhibit D – Acknowledgement of Amendment to Complaint*.  Plaintiff's March 2, 2023 amendment to his EEO complaint contained a retaliation claim that allegedly occurred on February 24, 2023.  *Exhibit C – Acknowledgement of 2nd Amendment to Complaint*.

On June 13, 2024, Plaintiff filed his Second Amended Complaint stemming from EEO Case No. 4G-320-0040-23 and EEO Case No. 4G-320-0196-23.[1]  In his Second Amended Complaint, Plaintiff claims that he was subjected to disparate treatment and retaliation.  ECF No. 21.  Plaintiff claimed that the disparate treatment and retaliation came at the hands of Travis Robarge and Terra Roberts.  *Id.* at 12.  Plaintiff then explains when and in what manner he believed that he was subjected

---

[1] In EEO Case No. 4G-320-0196-23, Plaintiff claims that he was subjected to discrimination based on race, color, and retaliation when: (1) on June 25, 2023, when he was charged Absent-Without-Leave; and, (2) on July 15, 2023, when he was issued a Notice of Removal.

to disparate treatment and retaliation.  ECF No. 21.  Defendant moves to dismiss Plaintiff's disparate treatment claims because he failed to contact EEO within 45 days of the occurrence of the acts he believed to have been discriminatory.

## II.   ARGUMENT

**Plaintiff failed to exhaust his administrative remedies by contacting EEO after 45 days of occurrence and raising claims for the first time in his Second Amended Complaint**.

It is well-established that a federal employee must exhaust administrative remedies before filing a claim for unlawful employment practices in federal district court. *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006); *Grier v. Sec'y of the Army*, 799 F.2d 721, 724 (11th Cir. 1986); 29 C.F.R. § 1614.101, *et seq.*  The purpose of the exhaustion requirement is to give the federal agency an opportunity to investigate the alleged discriminatory practice. *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).  For that reason, claims brought in federal court are limited to those that reasonably can be expected to grow out of an administrative charge of discrimination.  *Id.*  The proper inquiry as to whether the excluded allegations grow out of the included charges is whether the judicial complaint is "like, or related to, or grew out of, the administrative allegations," and whether they "amplify, clarify, or more clearly focus" the properly filed charges. *Basel v. Sec'y of Defense*, 507 F. App'x 873, 876 (11th Cir. 2013).

The first step of the EEO process for a federal employee requires the employee to initiate contact with an EEO counselor from the employing agency within forty-five days of "of the "matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Gaillard v. Shinseki,* 349 F. App'x 391, 392 (11th Cir. 2009). Each specific allegation of discrimination and retaliation must be reported to an EEO counselor within 45 days of the specific allegation, or the claim is barred as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges").

If the federal employee fails to initiate the EEO process within the forty-five-day window, the claim is barred for failure to exhaust administrative remedies. *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) ("Generally, when the claimant does not initiate contact within the 45–day charging period, the claim is barred for failure to exhaust administrative remedies."); *Thomas v. Miami Veterans Med. Ctr.*, 290 F. App'x 317, 319 (11th Cir. 2008) (affirming summary judgment for defendant when plaintiff's initial contact with the EEO counselor was outside of the forty-five-day window and therefore untimely).

If the issue is not resolved at the first stage of the EEO process, the EEO counselor notifies the employee of the right to file a formal complaint with the agency, and the employee has 15 days from the date of receipt to file a formal EEO

complaint.  29 C.F.R. § 1614.105(d).  Thereafter, the agency will investigate the complaint and issue a final agency decision.  The employee can appeal the final agency decision within 30 days of receipt, 29 C.F.R. § 1614.402, or file a civil action in the federal district court within 90 days of receipt if no appeal is filed, 29 C.F.R. § 1614.407.

A plaintiff's failure to exhaust administrative remedies can only be excused in extraordinary cases where the plaintiff can show "a good faith effort to comply with regulations coupled with detrimental reliance on false information from the defendant." *Twitty v. Potter*, 2008 WL 2277528 at *3 (N.D. Fla. 2008).  Where, as here, a defendant contests the issue of administrative exhaustion, Plaintiff must establish that he timely met the filing and exhaustion requirements.  *Green v. Cou. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).  *See also Hawkins v. Esper*, No. , 2019 WL 5963520, at *5 (N.D. Ala. Nov. 13, 2019) (holding that EEO complaint filed one day late is untimely; timely filings are a "condition to the waiver of sovereign immunity" and are "strictly construed"); *see also Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014) ("The district court thus correctly found that Vázquez's administrative filing on July 27 [one day late] fell outside the fifteen-day period and was untimely under 29 C.F.R. § 1614.106(b).").[2]

---

[2] A court make take judicial notice of EEO documents attached to a Motion to Dismiss without converting it to a Motion for Summary Judgment.

Plaintiff failed to exhaust his disparate treatment claims by not contacting an EEO counselor within 45 days of the occurrence of the incident that he believed to have been discriminatory and raising claims for the first time in his Federal Amended Complaint.

1.   <u>Plaintiff's claim that he was subjected to potentially threatening comments</u>.

Plaintiff claims in paragraph 15 of his SAC that on June 3, 2022, he witnessed inappropriate and potentially threatening comments.  ECF No. 21 ¶ 15. Plaintiff never alleged in his EEO complaint that on June 3, 2022, he was subjected to threatening or potentially threatening comments.  *Exhibit A – Complaint of Discrimination, Exhibit C – Acknowledgement of 2nd Amendment to Complaint, Exhibit D – Acknowledgement of Amendment to Complaint, and Exhibit E – Partial Acceptance/Partial Dismissal of Formal EEO Complaint*.  Even though Plaintiff amended his EEO complaint he never raised this claim.  *Exhibit C – Acknowledgement of 2nd Amendment to Complaint* and *Exhibit D – Acknowledgement of Amendment to Complaint*.  He raises this claim for the first time in his SAC.  ECF No. 21 ¶ 15.  This claim was never accepted for investigation. *Exhibit C – Acknowledgement of Amendment to Complaint, Exhibit D –*

*Ellison v. Postmaster Gen., United States Postal Serv.*, 2022 U.S. App. LEXIS 27555, at *20 (11th Cir. Oct. 3, 2022)

*Acknowledgement of Amendment to Complaint,* and *Exhibit E – Partial Acceptance/Partial Dismissal of Formal EEO Complaint*.  Because it has been more than 45 days after the occurrence, this claim is untimely and therefore not properly before the Court and should be dismissed for failure to exhaust.

      2.    <u>Plaintiff's claims that he was subjected to an unsatisfactory review by Travis Robarge.</u>

      Plaintiff claims in paragraphs 16-20 of his Second Amended Complaint that on June 10, 2022, he was subjected to an unsatisfactory review by Travis Robarge. ECF No. 21 ¶ ¶ 16-20.  Plaintiff never alleged in his EEO complaint that on June 10, 2022, that he was subjected to an unsatisfactory review by Travis Robarge.  *Exhibit C – Acknowledge of 2nd Amendment to Complaint, Exhibit D – Acknowledgement of Amendment to Complaint,* and *Exhibit E – Partial Acceptance/Partial Dismissal of Formal EEO Complaint*.  Even though Plaintiff amended his EEO complaint he never raised this claim.  *Id.*  He raises this claim for the first time in his SAC.  ECF No. 21 ¶ ¶ 16-20.  This claim was never accepted for investigation.  *Exhibit C – Acknowledge 2nd Amendment to Complaint, Exhibit D – Acknowledgement of Amendment to Complaint, Exhibit E – Partial Acceptance/Partial Dismissal of Formal EEO Complaint*.  Because it has been more than 45 days after the occurrence, this claim is untimely and therefore not properly before the Court and must be dismissed.

3.     Plaintiff's claims that occurred before October 13, 2022, are time barred.

Plaintiff made initial contact with an EEO counselor on November 27, 2022. *Exhibit B – Dispute Resolution Specialist's (DRS) Inquiry Report*.  Plaintiff had 45 days from the occurrence of each act he believed to be discriminatory to bring it to the attention of an EEO counselor.  Forty-five days before November 27, 2022, is October 13, 2022.  The following disparate  treatment claims in Plaintiff's SAC should be dismissed because Plaintiff did not contact an EEO counselor within 45 days of their occurrence:  (a) Plaintiff's claim that on June 3, 2022, he was subjected to threatening or potentially threatening comments; (b) Plaintiff's claim that on June 10, 2022, he received an unsatisfactory review by Travis Robarge; (c) Plaintiff's claim that in June 2022, he was subjected to a police encounter; (d) Plaintiff's claim that in August 2022, there were three occasions where his work ethic was overly scrutinized; (e) Plaintiff's claim that in August 2022 and on September 22, 2022, his hours were reduced; (f) Plaintiff's claim that on September 22, 2022, he was denied computer access; (g) Plaintiff's claim that on September 22, 2022, he was issued a Letter of Warning; and, (h) Plaintiff's claim that on October 3, 2022, his request for leave was unreasonably denied.  ECF No. 21 ¶¶  15, 16-20, 21-24, 28, 32-37. Plaintiff's aforementioned disparate treatment claims, (a) – (h) above, occurred more than 45 days before Plaintiff's initial contact with an EEO counselor on

November 27, 2022.   Therefore, Plaintiff's disparate treatment claims (a) – (h) should be dismissed.

## CONCLUSION

The aforementioned disparate treatment claims that Plaintiff alleges in paragraphs 15, 16-20, 21-24, 28, 32-37 of his Second Amended Complaint are due to be dismissed for failure to exhaust.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Herbert S. Lindsey*
HERBERT S. LINDSEY
Assistant U.S. Attorney
Texas Bar No. 00784476
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
Tel. 850-942-8430
herbert.lindsey@usdoj.gov
Attorney for Defendant

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that the Motion contained herein complies with the word limit set forth in Local Rule 7.1(F) as the Motion contains <u>1,834</u> words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2024, the foregoing Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF filing system and that a true copy has been furnished by Electronic Mail to Marie Mattox, marie@mattoxlaw.com, Plaintiff's Attorney.

*/s/ Herbert S. Lindsey*
Herbert S. Lindsey
Assistant United States Attorney
