National EEO Investigative Services Office



# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY CASE
# IN THE MATTER OF

| | |
|---|---|
| KELWYN WHITE<br>2853 LONDON RD<br>COTTONDALE, FL  32431-7010<br>Complainant, | USPS Tracking No. Complainant:<br>9114 9022 0078 9464 9086 63 |
| v. | |
| Louis DeJoy<br>Postmaster General<br>United States Postal Service<br>Southern Retail and Delivery Area<br>Agency. | Agency Case Number: 4G-320-0040-23<br><br>Date Formal Filed: January 5, 2023 |

## PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT

The agency acknowledges the receipt of the formal complaint of discrimination referenced above. Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report. In addition to your formal complaint, the agency has received additional requests for EEO Counseling dated December 11, 2022, and January 2, 2023.  29 C.F.R. §1614.106 (d), permits the amendment of a pending EEO complaint to add claims that are like or related to those claims raised in the pending complaint.  There is no requirement that an agency provide counseling on these new claims.  A review of your new EEO Contacts reveals that the additional matters raised are like or related to the matters raised in your formal complaint filed on January 5, 2023, and therefore, will be considered an amendment to your previous complaint and addressed in this decision. This is the Postal Service's *partial acceptance/partial dismissal* on the above-cited discrimination complaint.

Specific Issue(s)[1]:  You alleged you were subjected to discriminatory harassment based on Race (African American), Color (Black), and Sex (Male) when:

1. On dates to be specified[2], your paycheck was delayed;
2. On dates to be specified, your work hours were reduced;
3. On June 28, 2022, you were detained and questioned by local law enforcement officers;
4. On July 18, 2022, August 2, 2022, and other possible dates to be specified, you were questioned and overly scrutinized by management;
5. In September 2022, you were exposed to secondhand smoke, and your casing equipment was not cleaned as you requested;

GOVERNMENT EXHIBIT E

---

[1] Although you provide other comments in your PS Form 2565, Formal Complaint, and attachments, this information appears to be background information; and you will be able to discuss such matters in relation to the accepted issues.

[2] Under part 29 C.F.R. 1614.105(a)(1), an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory.  Any discrete acts, such as instances when you were issued disciplinary action, which occurred more than 45 calendar days prior to November 17, 2022 (when you initially contacted the EEO office) are untimely and may not entitle you to remedy for those claims. However, they will be considered as part of the overall harassment claim. See *National Railroad Passenger Corp v. Morgan, 122 S. Ct. 2061 (2002)*.  Please note that 45 days prior to the date of contact is October 3, 2022.

6. On September 22, 2022, you were issued a Letter of Warning;
7. On September 22, 2022, your request for computer access was denied; and
8. On October 3 and December 14, 2022, your leave request was denied.

### A. Partial Acceptance

A portion of the complaint has been accepted for investigation:

<u>Specific Issue(s)</u>: You alleged you were subjected to discriminatory harassment based on Race (African American), Color (Black), and Sex (Male) when:

1. On dates to be specified, your paycheck was delayed;
2. On dates to be specified, your work hours were reduced;
4. On July 18, 2022, August 2, 2022, and other possible dates to be specified, you were questioned and overly scrutinized by management;
6. On September 22, 2022, you were issued a Letter of Warning;
7. On September 22, 2022, your request for computer access was denied; and
8. On October 3 and December 14, 2022, your leave request was denied.

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the <u>accepted</u> issue(s) as defined above, you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of the date of your receipt of this letter. Your response must be addressed to the undersigned EEO Services Analyst at NEEOISO, P. O. Box 21979, Tampa, FL 33622-1979. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through the established EEO procedures described in Poster 72 which is displayed on the employee bulletin boards at your local installation.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

### B. Partial Dismissal

The investigation will not involve the following issue(s) which you raised in your complaint.

3. On June 28, 2022, you were detained and questioned by local law enforcement officers; and
5. In September 2022, you were exposed to secondhand smoke, and your casing equipment was not cleaned as you requested.

<u>Chronology</u>

You were a City Carrier Assistant at the agency's Graceville, FL Post Office at the time of the alleged discriminatory action(s). The record reflects that you requested pre-complaint processing on November 27, 2022, and received Notice of Right to File Individual Complaint (PS Form 2579-A) on December 22, 2022. Subsequently, on January 5, 2023, you filed a formal complaint of discrimination with the agency.

Analysis and Conclusion

Pursuant to 29 C.F.R. § 1614.107(a)(1), the agency has the right to dismiss a complaint if a complainant fails to state a claim under Sections 1614.103 or 1614.106(a).  Specifically, those sections of the Equal Employment Opportunity Commission (EEOC) Regulations provide for the processing of complaints of discrimination filed with the agency that allegedly discriminated against the complainant when the aggrieved individual alleges discrimination based on factors prohibited by Title VII.  Inherent in these regulations is the requirement that the complaining party alleges that he is an aggrieved person who was injured because of an agency action or lack of action.

In your formal complaint, you alleged that on June 28, 2022, you were detained and questioned by local law enforcement officers.

This is a collateral attack and not properly raised before the Commission.  The proper forum for you to challenge what took place during your interaction with the law enforcement officers, is with the appropriate policing authorities.

You also alleged that In September 2022, you were exposed to secondhand smoke, and your casing equipment was not cleaned as you requested.

Your claim regarding secondhand smoke, and a lack of cleaning is a collateral attack and not properly raised before the Commission. Under the Enforcement Guidance for the US Postal Service, the Department of Labor – Occupational Safety and Health Administration (OSHA) has sole jurisdiction over the processing and administering of safety issues within any postal facility. Your claim that management created an unsafe environment is within the jurisdiction of OSHA and not the EEOC.

Therefore, your discriminatory harassment complaint as cited above in Claims 3 and 5, is **dismissed** in accordance with 29 C.F.R. 1614.107(a)(1) for failure to state a claim due to lodging a collateral attack on the proceedings of another forum.

You do not have the right to appeal this decision at this time.  (See 29 Code of Federal Regulations, Part 1614.107).  A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint.  You have the right to submit a statement for the record providing your position of this dismissal.  You should submit this statement to the Manager, National EEO Investigative Services Office, P.O. Box 21979, Tampa, Florida 33622-1979.  If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint, or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.  Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance.  When

an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved.  If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

**When the investigation is completed**, you will receive a notice via email to access an electronic record of the investigative report and you will be notified of your right to request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge **or** of your right to a final decision by the agency head or designee without a hearing.  **Please note:** At the completion of the investigation of your EEO complaint, we will send you an email with instructions on how to access your record. This access will be active for 30 days at the email address provided at the time you filed the complaint. It is your responsibility to provide NEEOISO an updated email address. After 30 days, your file will no longer be accessible. After accessing your record, please be sure you save your record. You may request a final agency decision without a hearing, at the appropriate time, by addressing your request to NEEOISO-FADS, P.O. Box 21979, Tampa, FL  33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

Hearings Unit
EEOC Birmingham District Office
1130 22nd Street South #2000
Birmingham AL 35205-2870

You must make your hearing request within 30 calendar days of your receipt of the investigative report, and you must provide the Manager, National EEO Investigative Services – Hearings, PO Box 21979, Tampa, FL  33622-1979 with a copy of that hearing request.  If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager, National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL  33622-1979, at any time up to 30 calendar days after receipt of the investigative report.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights.  You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action.  Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

You may file your appeal by several alternative methods.  You may use the EEOC's Public Portal located at https://publicportal.eeoc.gov/, where you can also upload selected documents, and manage your personal and representative information.  You may mail your written appeal to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box

5

77960, Washington, DC 20013-8960 or submit by facsimile to (202) 663-7022.  If you use EEOC's Public Portal to file an appeal or submit a brief, you do not need to serve the agency.  If you mail or fax your request for an appeal, you must also submit a copy of the appeal or brief to the National EEO Investigative Services Office, NEEOISO - FAD, USPS, P.O. Box 21979, Tampa FL 33622-1979 and submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the NEEOISO.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision.  If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

*Paula Upton*             <u>January 30, 2023</u>
Paula Upton                         Date
EEO Services Analyst


Attachments:  PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report
                 Report of Investigative File Media Selection Letter